IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-03155-RBJ

STEVEN M. DENENBERG,

    Plaintiff,

v.

LED TECHNOLOGIES, LLC, a Colorado limited liability company,

    Defendant.

---

ORDER

---

This matter comes before the Court on a motion for summary judgment from the plaintiff [docket #5] and a motion for partial summary judgment from the defendant [#16]. Both motions will be addressed below.

**Facts**

Plaintiff Steven Denenberg is a facial plastic surgeon in Omaha, Nebraska. Dr. Denenberg takes photographs of his patients before and after procedures and uses those photographs on his website. Dr. Denenberg created his website in the 1990s and later hired an artist to help make the site more attractive and easier to navigate. The artist updated the logo and font and helped to arrange the before and after pictures in a manner that looked less clinical. All of the content on the website has been registered with the United States Copyright Office, Copyright Registration No. TX-5-917-608.

Defendant LED Technologies sells a lamp that is advertised to provide anti-aging benefits. In 2005 LED Technologies hired an outside marketing company, Hannah Media, to create an infomercial for the company. In creating the infomercial, Hannah Media acquired

photographs that were then used in the infomercial and in other advertising materials. The photographs acquired by Hannah Media did not contain any copyright notice, watermark, or other notice of the photographs' origin or copyright. LED Technologies paid Hanna Media $21,731.25 for its work on the infomercial, including a line item charge of $350 for "library stock."

Dr. Denenberg's before and after photographs were used in LED Technologies' advertising materials for the anti-aging light. Because LED Technologies did not have a license or other authorization to use the photographs, Dr. Denenberg filed a complaint alleging copyright infringement for LED Technologies' use of the copyrighted pictures and seeking statutory damages.

Dr. Denenberg now moves for summary judgment, arguing that there are no genuine disputes as to any material facts. LED Technologies has also moved for partial summary judgment relating to statutory damages. Specifically, LED Technologies argues that summary judgment is appropriate to determine that the defendant did not commit a willful copyright infringement, but rather any infringement committed by the defendant was an innocent copyright infringement.

**Standard**

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to

the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**Conclusions**

Liability

"Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. The owner of a copyright has the exclusive rights to reproduce the copyrighted work, prepare derivative works, or display the copyrighted work publicly. 17 U.S.C. § 106. To prove copyright infringement, a plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 304, 361 (1991).

The parties do not dispute that LED Technologies used Dr. Denenberg's photographs without his permission. However, Dr. Denenberg's ownership of a valid copyright is disputed. LED Technologies argues that it is not liable for copyright infringement, because Dr. Denenberg's did not have a valid copyright, and because Dr. Denenberg is not the owner of the copyright.

First, LED Technologies argues that Dr. Denenberg did not have a valid copyright because the pictures themselves are not copyrightable. "To qualify for copyright protection, a

work must be original to the author." *Feist,* 499 U.S. at, 345.  Originality requires "independent creation plus a modicum of creativity." *Id.* at 346.  While creativity is required, the threshold is very low.  The Supreme Court has explained, "[t]o be sure, the requisite level of creativity is extremely low; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id.* at 345.  (internal quotations omitted).

LED Technologies argues that Dr. Denenberg was merely performing the mechanical function of operating the camera and did not contribute any creativity to the photographs.  While Dr. Denenberg did not carefully stage the patients and adjust the lighting as a professional photographer might, that is not the standard.  In the act of taking the pictures, Dr. Denenberg had to make creative decisions, no matter how "crude, humble, or obvious" they may have been.  Further, in arranging the photographs on the website, Dr. Denenberg had to make additional creative decisions.  The pictures are independent creations with at least a modicum of creativity, and therefore, qualify for copyright protection.

Second, LED Technologies argues that Dr. Denenberg cannot claim copyright ownership, because he did not create the photographs.  Where ownership of a copyright is disputed, the party claiming ownership has the burden of proving its validity.  *Autoskill v. Nat'l Educ. Support Sys., Inc.,* 994 F.2d 1476, 1487 (10th Cir. 1993).  "[A] certificate of registration of a copyright 'shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Id.* (quoting 17 U.S.C. § 401(c)).  The presumption of validity established with a certificate of registration includes the identification of the author. *Id.* at 1488.  When a plaintiff presents a registration certificate, the plaintiff establishes a prima facie case that the copyright is valid and the burden of contesting the validity of the copyright then shifts to the party

challenging it.  *Id.*  Dr. Denenberg submitted the registration certificate for Copyright Registration No. TX-5-917-608 with his motion for summary judgment and thus established a prima facie case that he is the owner of a valid copyright.  Accordingly, the burden shifts to LED Technologies to show that Dr. Denenberg was not the rightful owner of the copyright.

Copyright ownership initially vests in the author of the work.  17 U.S.C. § 201.  "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."  *Cmty. for Creative Non-Violence v. Reid,* 490 U.S. 730, 737 (1989).  An exception to this rule is "works made for hire."  A work made for hire is "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101.  "In the case of work made for hire, the employer or other person for whom the work was prepared . . . owns all of the rights comprised in the copyright."  17 U.S.C. § 201(b).

LED Technologies argues that Dr. Denenberg does not own the copyright because his nurse may have taken the pictures.  LED Technologies points to Dr. Denenberg's deposition where he acknowledged that "maybe two times in 20 years I've had my nurse take the pictures, but I like to take them myself." (Denenberg Dep. 26:5-7, Jan. 20, 2012.)  This statement does not create a genuine issue as to a material fact.

A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Suggesting that twice in 20 years Dr. Denenberg's nurse might have taken two of the pictures is no more than a "metaphysical doubt," and therefore, does not create a genuine dispute.

A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson,*

477 U.S. at 248 (1986)). It is not material whether it was Dr. Denenberg or his nurse who took the pictures because of the works made for hire doctrine. LED Technologies presents no evidence to suggest that the photographs, if taken by a nurse, would be anything other than works made for hire. If the photograph was taken by a nurse and was a work made for hire the copyright would still belong to Dr. Denenberg. Accordingly, it is not material whether Dr. Denenberg or a nurse took the photographs.

Next, LED Technologies argues that Dr. Denenberg does not own the copyright for his website because an artist assisted him with his website. In his deposition, Dr. Denenberg acknowledges that he hired an artist and that the artist adjusted the logo to make it more attractive and changed some of the font. The artist also showed Dr. Denenberg how to display the before and after pictures in a way that was less clinical.

That the artist helped update the website to make it more attractive is not enough for Defendant LED Technologies to meet its burden to show that Dr. Denenberg did not own the copyright. The website and photographs were created before the artist was hired. Although the artist helped to improve the website, it was Dr. Denenberg who created the website. Thus, Dr. Denenberg is the author of the photographs and website and is the copyright holder.

Because LED Technologies has not shown a genuine issue of material fact as to the Dr. Denenberg's ownership of a valid copyright and does not dispute that Dr. Denenberg's photographs were used without his permission, summary judgment for the plaintiff is appropriate on the issue of liability.

Statutory Damages

Upon showing copyright infringement, a plaintiff can seek statutory damages in lieu of actual damages. 17 U.S.C. § 504(a). Generally, a plaintiff can be awarded "not less than $750 or more than $30,000" statutory damages. *Id.* at § 504(c). There are two exceptions: (1) if the infringement was committed willfully the plaintiff may be awarded up to $150,000 per infringement; and (2) if the infringement was innocent, meaning the infringer was not aware of and had no reason to believe that his or her acts constituted an infringement of copyright, the court may reduce the award to not less than $200 per infringement. *Id.* The copyright holder has the burden of proving that infringement was committed willfully; the infringer has the burden of proving the infringement was innocent. *Id.* Dr. Denenberg now seeks a summary judgment that the infringement was willful. LED Technologies seeks a summary judgment that the infringement was not willful, and that the infringement was innocent.

"[T]he prima facie case for willful infringement requires a showing of specific intent to violate copyright law." *BC Technical, Inc. v. Ensil Int'l Corp.,* 464 Fed. App'x 689, 696 (10th Cir. 2012). "Where specific intent is an element of a crime it must be proven as an independent fact or clearly inferred from the evidence." *Id.* (quoting *United States v. Sherman*, 576 F. 2d 292, 297 (10th Cir. 1978)). Dr. Denenberg offers no evidence that LED Technologies knew that the pictures were copyrighted. Affidavits from Ronald L. Ferguson and Brent Safer, the co-founders of defendant LED Technologies, declare that LED Technologies had no knowledge that using the photographs violated copyright law. The pictures did not contain copyright notice, watermark, or other notice of the photograph's origin or copyright. Dr. Denenberg has not shown a genuine issue of material fact that LED Technologies acted willfully, and therefore, LED Technologies is entitled to partial summary judgment.

Innocent infringement requires LED Technologies to prove that it was not aware of and had no reason to believe that its acts constituted copyright infringement. LED Technologies argues that it is an innocent infringer because of its dealings with Hannah Media. LED Technologies paid Hanna Media to create an infomercial and included in the billing was a line item charge of $350 for "library stock." The company argues it was therefore reasonable to assume that Hannah Media had acquired a license for the photographs. LED Technologies also included affidavits from its co-founders explaining that the company has a policy of not using copyrighted works without authorization and routinely purchases licenses to use in advertising materials. However, Dr. Denenberg has offered evidence that some of the infringing photographs were not used in the infomercial prepared by Hannah Media, and he argues that even if they were, this should not have given LED Technologies a reason to believe that the photographs could be used in additional advertising materials. Because there is a fact dispute about where LED Technologies acquired the photographs and how they were used, summary judgment is not appropriate to determine if the infringement was innocent.

**Order**

1. Plaintiff's motion for summary judgment [#5] is GRANTED in part and DENIED in part. Specifically, plaintiff's motion is GRANTED as to liability and DENIED as to willful infringement.
2. Defendant's motion for partial summary judgment [#16] is GRANTED in part and DENIED in part. Defendant's motion is GRANTED as to willful infringement and DENIED as to innocent infringement.
3. The Court suggests that the parties now consider sitting down with a professional mediator to see whether what remains of this case might be subject to settlement.

DATED this 28th day of September, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge