IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03155-RBJ

STEVEN M. DENENBERG,

    Plaintiff,

v.

LED TECHNOLOGIES, LLC, a Colorado limited liability company,

    Defendant.

---

ORDER

---

This case is before the Court on plaintiff's motion to review the issue of willful infringement [#52] and plaintiff's motion for review of innocent infringement [#53]. The Court previously addressed both of these issues in its September 28, 2012 summary judgment order. [#48]. For the reasons described below the Court declines to amend its earlier rulings and therefore denies the two motions.[1]

**Facts and Procedural History**

The plaintiff, Dr. Steven Denenberg, is a plastic surgeon who documents many of his surgeries using before and after photographs which he posts on his website. The defendant, LED Technologies, LLC, is the maker of a lamp that is advertised to produce anti-aging benefits. In 2005 LED Technologies hired a third party marketing company to produce an infomercial. As part of that infomercial, the marketing company purportedly purchased pictures to use to

---

[1] Defendant today filed a motion regarding the proper measure of damages. The plaintiff has not had an opportunity to respond, and the trial (to the Court) is set to begin in two business days. Therefore, the Court will have to address the measure of damages at trial.

demonstrate the light's benefits. These pictures were then used in LED Technologies' promotional materials. It was later determined that these pictures belonged to Dr. Denenberg, and neither the third party marketing company nor LED Technologies had a license or other authorization to use the pictures.

After discovering the infringing use, Dr. Denenberg filed this lawsuit alleging that LED Technologies violated his rights by using his copyrighted pictures without his permission. Both parties filed summary judgment motions. [#5, 16]. On September 28, 2012 this Court granted summary judgment in favor of the plaintiff as to liability. [#48]. The order explained that there was no genuine issue of material fact as to the whether Dr. Denenberg had a valid copyright for the pictures used or whether LED Technologies had permission to use the pictures. On the issue of damages, this Court granted partial summary judgment for defendant, holding that the infringement was not willful. The Court refused to grant summary judgment on the issue of innocent infringement, instead determining that there existed genuine issues of material fact.

**Analysis**

*Willful Infringement*

The plaintiff asks this Court to review its finding that there was not willful infringement based on new evidence discovered May 3, 2012. [#52]. Willful infringement is significant, because it raises the statutory damages cap from $30,000 to $150,000 per infringement. To establish willful infringement, a plaintiff must show "specific intent to violate copyright law." *BC Technical, Inc. v. Ensil Int'l Corp.,* 464 F. App'x 689, 696 (10th Cir. 2012).

The plaintiff alleges that on May 3, 2012 a distributor of LED Technologies' light was discovered to be using an infringing photograph. The plaintiff argues that this shows that LED Technologies continued to use infringing photographs years after it was alerted as to the

infringement, thus establishing specific intent to violate copyright law.  However, the plaintiff does not say who the distributor was or where the photograph was found.

When deciding an issue on summary judgment, the proffered evidence "must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmovant, it is not enough that the evidence be 'merely colorable' or anything short of 'significantly probative.' This is because when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  Alleging that an unnamed distributor is using an unidentified picture at an undisclosed location is not enough to lead a reasonable trier of fact to determine that the defendant's infringement was willful.  Accordingly, this new evidence does not persuade the Court to alter its previous judgment.

*Innocent Infringement*

In his second motion, the plaintiff asks this Court to disallow the defense of innocent infringement.  If an infringement is innocent, the floor for statutory damages is lowered from $750.00 to $200.00 per infringement.  17 U.S.C. § 401(d) provides:

> "Evidentiary Weight of Notice – if a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504 (c)(2)."

Plaintiff argues that because every page of his website contained a copyright notice, the defendant should be precluded from using the defense of innocent infringement.  However, this ignores the reality of how defendant alleges it came to possess the pictures.  Defendant alleges that it was sold the pictures by a third party marketing company as part of production of an infomercial.  On its invoice from the marketing company, defendant was billed for "library

stock." The images themselves did not have a copyright, watermark, or other indication of ownership. Because the defendant argues that it obtained the pictures independent of the website, the fact that the website had a copyright notice would not provide the kind of notice that precludes the defense of innocent infringement. The Court determines that there still remain genuine disputes of material fact relating to innocent infringement and, therefore, it is inappropriate to preclude argument as to innocent infringement during trial.

**Order**

1. Plaintiff's motion for review of willful infringement [#52] is DENIED.
2. Plaintiff's motion for review of innocent infringement [#53] is DENIED.

DATED this 17th day of May, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge